**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**STEPHANIE A. WHEELOCK,**

    **Plaintiff,**

v.                                                                            Case No: 6:18-cv-894-Orl-LRH

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION

Stephanie A. Wheelock (Claimant) appeals the Commissioner of Social Security's (Commissioner) final decision denying her applications for disability benefits. (Doc. 1). The Claimant raises three assignments of error challenging the Commissioner's final decision and, based on those assignments of error, requests that the matter be reversed and remanded for an award of benefits or, alternatively, for further proceedings that must be completed within 120 days. (Doc. 15 at 15-18, 21-25, 28-31). The Commissioner argues that the Administrative Law Judge (ALJ) committed no legal error and that her decision is supported by substantial evidence and should be affirmed. (*Id*. at 18-21, 25-28, 30-33). Upon review of the record, the Court finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED** for further proceedings.

**I.    Procedural History**

This case stems from the Claimant's applications for disability insurance benefits and supplemental security income, which she filed on September 16, 2009. (Doc. 11-5 at 2-11).[1] The

---

[1] The administrative record ordinarily contains bates numbers on each page of the record. That is not the case here. Therefore, when citing to the administrative record, the Court will cite to the docket entry and the relevant pages within that entry.

Claimant alleged a disability onset date of July 2, 2005. (*Id*. at 2, 4).

The Claimant's applications were denied on initial review and on reconsideration. The matter then proceeded to a hearing before an ALJ. (Doc. 11-2 at 29-58). On June 10, 2011, the ALJ entered a decision finding that the Claimant was not disabled between her alleged onset date, July 2, 2005, and the date of the ALJ's decision. (*Id*. at 11-22). The Claimant requested review of the ALJ's decision, but the Appeals Council denied her request. (*Id*. at 2-4).

On November 21, 2011, the Claimant appealed the Commissioner's final decision to this Court. *Wheelock v. Comm'r of Soc. Sec.*, Case No. 6:11-cv-1862-JA-GJK, Doc. 1 (M.D. Fla. Nov. 21, 2011). On July 20, 2012, prior to the matter being fully briefed, the Commissioner filed an unopposed motion to reverse and remand the case for the following reasons:

> The [Administrative Law Judge (the "ALJ")] will offer Plaintiff a hearing; update the administrative record; obtain a medical expert to determine the nature and severity of Plaintiff's physical impairment; and further evaluate the [Residual Functional Capacity] with specific references to evidence in support. If the ALJ rejects opinions from treating/examining sources, the rationale will be rooted in the case record with specific evidentiary support. The ALJ will further evaluate Plaintiff's mental impairment and establish specific work-related limitations. The ALJ will obtain the assistance of a vocational expert to determine the erosion of the occupational base and the ALJ will issue a new decision.

*Id*. at Doc. 20. The Court granted the motion and remanded the case to the Commissioner to conduct further proceedings as set forth above. (Doc. 11-11 at 24-25).

On remand, the Appeals Council entered an order vacating the Commissioner's final decision and remanded the case to the ALJ for further proceedings. (*Id*. at 30-32). Thereafter, the ALJ held a hearing, at which the Claimant and her counsel appeared. (Doc. 11-10 at 48-72). Following the hearing, the ALJ sent medical interrogatories to Dr. John Kwock, a board certified orthopaedic surgeon, asking him to determine whether the Claimant met Listing 1.04. (Doc. 11-18 at 48-51). Dr. Kwock responded to the interrogatories and provided a functional capacity assessment. (*Id*. at

53-61). The ALJ then held a supplemental hearing so the Claimant could cross-examine Dr. Kwock. (Doc. 11-10 at 33-45).

On March 2, 2016, the ALJ entered a decision finding that the Claimant was not disabled between her alleged onset date, July 2, 2005, and the date of the ALJ's decision. (*Id*. at 5-22). This decision ultimately became the Commissioner's final decision.

On May 20, 2016, the Claimant appealed the Commissioner's final decision to this Court. *Wheelock v. Comm'r of Soc. Sec.*, Case No. 6:16-cv-860-RBD-KRS, Doc. 1 (M.D. Fla. May 20, 2016). On appeal, the Claimant argued that the ALJ erred by: 1) failing to state the weight given to Dr. Charles E. Kollmer's opinion; 2) assigning no weight to Dr. James K. Shea's opinions; and 3) finding that the Claimant's testimony concerning her limitations was not entirely credible. *Id*. at Doc. 12 at 17-20, 24-27, 32-33. Based on these arguments and the history of the case, the Claimant requested that the case be reversed and remanded for an award of benefits. *Id*. at 37-38. Alternatively, the Claimant requested that the Court place a time limit on the Commissioner to complete administrative proceedings on remand. *Id*. at 38.

On June 28, 2016, United States Magistrate Judge Karla R. Spaulding issued a report agreeing with each of the Claimant's assignments of error. (Doc. 11-21 at 53-69 (Report)). Judge Spaulding rejected the Claimant's request that the case be remanded for an award of benefits but instead suggested that the Court could require, among other things, that the administrative proceedings be completed within a specific period of time. (*Id*. at 67-68). Neither party objected to the Report. Therefore, on July 31, 2017, United States District Judge Roy B. Dalton entered an order adopting the Report, reversing and remanding the case for further proceedings, and requiring the Commissioner to complete the administrative proceedings within 120 days from the date of the order. (*Id*. at 50-52).

On remand, the Appeals Council entered an order vacating the Commissioner's final decision and remanded the case to the ALJ for further proceedings consistent with the Court's order. (*Id*. at 73). Thereafter, the ALJ held a hearing at which the Claimant and her counsel appeared. (Doc. 11-20 at 30-52). On February 13, 2018, the ALJ entered a decision finding that the Claimant was not disabled between her alleged onset date, July 2, 2005, and the date of the ALJ's decision. (*Id.* at 5-17). This decision ultimately became the Commissioner's final decision.

On June 8, 2018, the Claimant appealed the Commissioner's final decision to this Court. *Wheelock v. Comm'r of Soc. Sec.*, Case No. 6:18-cv-894-LRH, Doc. 1 (M.D. Fla. June 8, 2018). The case has been fully briefed and is now ripe for review.

## II. The ALJ's Decision

The ALJ found that the Claimant suffered from the following severe impairments: degenerative disc disease; carpal tunnel syndrome; a history of endometriosis; and an anxiety-related disorder. (Doc. 11-20 at 7-8). The ALJ determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment. (*Id.* at 8-10).

The ALJ proceeded to find that the Claimant has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b)[2] with the following additional limitations:

> [T]he claimant cannot climb or crawl. The claimant can occasionally stoop, crouch,

---

[2] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b).

kneel and reach, and frequently handle and finger. The claimant is limited to simple, routine tasks, without quotas or high-speed production.

(*Id.* at 10). Based on this RFC, the ALJ found that the Claimant could not perform her past relevant work. (*Id.* at 16). However, the ALJ did find that the Claimant could perform other work in the national economy, including office helper, mail clerk, and router. (*Id.* at 16-17). In light of these findings, the ALJ concluded that the Claimant was not disabled between her alleged onset date, July 2, 2005, and the date of the ALJ's decision, February 13, 2018. (*Id.* at 17-18).

### III.  Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### IV.  Analysis

The Claimant raises three assignments of error: 1) the ALJ failed to mention or weigh Dr. John Meyers' opinion; 2) the ALJ erred by assigning no weight to certain portions of Dr. Shea's

opinions; and 3) the ALJ erred by finding that the Claimant's testimony concerning her limitations was not entirely credible. (Doc. 15 at 15-18, 21-25, 28-30). The Court will address each assignment of error in turn.

### A. The Opinion Evidence

The Claimant's first and second assignments of error deal with the ALJ's consideration, or lack thereof, of treating source opinions. The Court finds the first assignment of error meritorious, while the second assignment of error is only partially persuasive.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining and non-examining medical sources, as well as the opinions of other sources. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c).

A treating physician's opinion must be given controlling weight, unless good cause is shown to the contrary. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *Winschel*, 631 F.3d at 1179. There is good cause to assign a treating physician's opinion less than controlling

weight where: 1) the treating physician's opinion is not bolstered by the evidence; 2) the evidence supports a contrary finding; or 3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179.

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned. *Id*. The failure to state the weight with particularity or articulate the reasons in support of the assigned weight prohibits the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence. *Id*.

### 1. Dr. Meyers

The Claimant contends that the ALJ failed to discuss and weigh Dr. Meyers' opinion concerning the number of days the Claimant would be absent from work due to her impairments. (Doc. 15 at 17-18). The Claimant submits that Dr. Meyers' opinion – which was not included or accounted for in the ALJ's RFC determination – supports her claim of disability. (*Id*. at 18). Therefore, the Claimant argues that the ALJ failed to apply the correct legal standards and made findings that were not supported by substantial evidence. (*Id*.).

The Commissioner concedes that the ALJ erred by neither discussing nor weighing Dr. Meyers' opinion. (*Id*.). The Commissioner, however, contends that the error is harmless because the ALJ weighed Dr. Meyers' opinion in her March 2, 2016 decision and, since the Claimant did not challenge the weight assigned to Dr. Meyers' opinion in the previous appeal, the ALJ was not obligated to reconsider and reweigh Dr. Meyers' opinion in her recent decision. (*Id*. at 18-19). Further, the Commissioner argues that the Court may consider the ALJ's previous findings concerning Dr. Meyers' opinion without substituting its judgment for that of the Commissioner. (*Id*. at 19-20 (citing *Hall v. Comm'r of Soc. Sec.*, 148 F. App'x 456, 463-64 (6th Cir. 2005); *King v. Colvin*, Case No. 3:14-cv-460-J-34JBT, 2015 WL 5755913, at *2 (M.D. Fla. Sept. 29, 2015)).

Focusing on the March 2, 2016 decision, the Commissioner argues that the ALJ articulated good cause, supported by substantial evidence, to assign Dr. Meyers' opinion little weight. (*Id*. at 19-21).

The Court disagrees. The Claimant treated with Dr. Meyers, an OBGYN, for endometriosis and other issues on several occasions throughout the relevant period. (Docs. 11-7 at 31-38; 11-18 at 45-46). On July 20, 2015, Dr. Meyers' opined that the Claimant would miss at least two days of work per month due to her gynecological impairments. (Doc. 11-18 at 41).

The ALJ considered Dr. Meyers' opinion in her March 2, 2016 decision and articulated several reasons for assigning the opinion little weight. (Doc. 11-10 at 14-15, 20). The Court reversed and remanded that decision for reasons unrelated to the ALJ's consideration of Dr. Meyers' opinion, and, on remand, the Appeals Council entered an order vacating the Commissioner's March 2, 2016 decision and remanded the case to the ALJ for "further proceedings consistent with the order of the court." (Doc. 11-21 at 50-69, 73). On remand, the ALJ held a hearing and accepted additional medical evidence – none from Dr. Meyers – into the record. (Docs. 11-20 at 30-52; 11-25 at 2-49). Thereafter, the ALJ entered her decision, which is the subject of this appeal. In her decision, the ALJ does not mention Dr. Meyers' opinion, does not weigh Dr. Meyers' opinion, and does not adopt her prior findings concerning Dr. Meyers' opinion. (*See* Doc. 11-20 at 5-18).

Dr. Meyers was a treating physician and offered an opinion concerning the Claimant's functional limitations. Therefore, as the Claimant argues and the Commissioner concedes, the ALJ should have discussed and weighed Dr. Meyers' opinion. *Winschel*, 631 F.3d at 1179. The ALJ did not, and her failure to do so is error. *Id*.

Further, the ALJ's failure to consider and weigh Dr. Meyers' opinion is not harmless error. The Commissioner's argument to the contrary overlooks the fact that his prior decision – which

discussed and weighed Dr. Meyers' opinion – was rendered a legal nullity when it was vacated by the Appeals Council and the matter was remand to the ALJ for further proceedings consistent with the Court's July 31, 2017 order. *Atkins v. Comm'r of Soc. Sec. Admin.*, 596 F. App'x 864, 868 (11th Cir. 2015) (citations omitted); *see King*, 2015 WL 5755913, at *2 (recognizing that the Commissioner's prior decision became a legal nullity after remand); Social Security Administration Programs Operations Manual System (POMS), GN 03106.036(A) ("[A district] court order vacating the [Commissioner's] prior decision and remanding the case to the Commissioner voids the prior decision . . . and thus returns the case to the status of a claim 'pending' before the [Social Security Administration].").[3] As a result, the Court is not persuaded that the ALJ's error can be cured by relying on findings made in a legally void decision.

While the Court is aware that the Commissioner has cited two cases – *Hall* and *King* – that support a contrary finding, the Court declines to follow those cases in this particular situation. First, neither of the cases – one of which was decided in another circuit – is binding on the Court. Second, the unique circumstances of this case demand a different result. Specifically, during the last remand, the ALJ held another hearing and accepted additional medical evidence into the record. (Docs. 11-20 at 30-52; 11-25 at 2-49). While none of the additional evidence was from Dr. Meyers, it is entirely possible that the new evidence could alter the weight the ALJ previously assigned to Dr. Meyers' opinion. Since the ALJ did not discuss or weigh Dr. Meyers' opinion in her most recent decision, there is no way for the Court to know precisely how the new evidence would impact the ALJ's consideration of Dr. Meyers' opinion. Nevertheless, the Commissioner essentially asks

---

[3] The Social Security Administration has promulgated the POMS as "publicly available operating instructions for processing Social Security claims." *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385 (2003).

the Court to assume that the ALJ would reach the same conclusion for the same reasons, despite the new evidence. The Court will not make such assumptions, especially where the prior decision has been rendered a legal nullity and additional evidence was taken on remand. Therefore, the Court finds the ALJ's failure to discuss and weigh Dr. Meyers' opinion is not harmless error.

### 2. Dr. Shea

The Claimant argues that the ALJ failed to articulate good cause for rejecting certain portions of Dr. Shea's opinion; but she only provides one example of alleged error – the weight the ALJ assigned to Dr. Shea's opinion that the Claimant would miss more than three days of work per month. (Doc. 15 at 23-24). In addition, the Claimant argues that the ALJ erred by relying on the opinion of a non-examining physician – Dr. Kwock – in assigning little weight to Dr. Shea's opinion. (*Id*. at 24-25). Based on these arguments, the Claimant argues that the ALJ failed to apply the correct legal standards and made findings that were not supported by substantial evidence. (*Id*. at 25).

In response, the Commissioner argues that the ALJ provided multiple reasons for discounting Dr. Shea's opinion concerning the number of days the Claimant would be absent from work per month and that each reason the ALJ gave supports her determination. (*Id*. at 27). As for Claimant's argument concerning Dr. Kwock, the Commissioner argues that Dr. Kwock's opinion was only one of many pieces of evidence the ALJ relied on in weighing Dr. Shea's opinions and the ALJ did not err by relying on Dr. Kwock's opinion. (*Id*.). The Commissioner therefore argues that the ALJ gave good reasons, supported by substantial evidence, to assign little weight to Dr. Shea's opinions. (*Id*. at 26).[4]

---

[4] The Commissioner also addresses other portions of the ALJ's reasoning for rejecting specific aspects of Dr. Shea's opinions. (*See* Doc. 15 at 26-28). However, the Claimant has not challenged the ALJ's handling of the other aspects of Dr. Shea's opinions and, hence, has waived

The Claimant treated with Dr. Shea, a pain management specialist, on multiple occasions throughout the relevant period. (*See* Docs. 11-9 at 10-22; 11-17 at 22-76; 11-18 at 3-20, 23-28; 11-19 at 3-26). On April 29, 2011, Dr. Shea completed a physical RFC assessment. (Doc. 11-9 at 24-26). In it, Dr. Shea opined, among other things, that the Claimant can: occasionally lift/carry 10 pounds; sit for three hours in an eight-hour workday; stand/walk for two hours in an eight-hour workday; occasionally climb and balance; and never stoop, crouch, kneel, or crawl. (*Id*. at 24-25). In addition, Dr. Shea opined that the Claimant's ability to reach, handle, and push/pull is limited, and she should avoid heights, moving machinery, temperature differences, humidity, and vibration. (*Id*. at 25-26).

On July 20, 2015, Dr. Shea completed a second physical RFC assessment. (Doc. 11-18 at 33-35). In it, Dr. Shea opined, among other things, that the Claimant can: occasionally lift/carry five pounds; sit for two hours in an eight-hour workday; stand/walk for two hours in an eight-hour workday; occasionally balance; and never stoop, crouch, kneel, or crawl. (*Id*. at 33-34). In addition, Dr. Shea opined that the Claimant's ability to reach, handle, and push/pull is limited, she should avoid heights, moving machinery, temperature differences, humidity, and vibration, and her "significantly increased back pain" would cause her to miss more than three days of work per month. (*Id*. at 35-36).

In her decision, the ALJ discusses Dr. Shea's opinions extensively, addressing each of the limitations individually. (Doc. 11-20 at 10-15). Relevant here, the ALJ stated the following with respect to Dr. Shea's opinion concerning the Claimant's absenteeism:

---

any arguments concerning the same. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (refusing to consider an argument that the claimant failed to raise before the district court).

> In his 2015 assessment Dr. Shea also stated that the claimant would experience[ ] periods with increased symptomology and that this would likely result in the claimant being absent from work more than three days per month. The claimant's reported activities of daily living reveal that she transports at least one son to and from school and gets fast food, 5 days a week. The undersigned finds that the performance of these duties are not hampered or interrupted by her alleged symptomology and refute Dr. Shea's conclusion. As such, this limitation[ ] is not given any weight.

(*Id*. at 11-12). In addition to several other reasons articulated in her decision, the ALJ also relied on the opinion of Dr. Kwock, concluding that his "overall opinion certainly refutes the majority of limits assessed by Dr. Shea which are at issue." (*Id*. at 13-14).

The Claimant first argues that the ALJ has not articulated good cause to assign no weight to Dr. Shea's absenteeism opinion.[5] Specifically, the Claimant argues that driving her son to and from school and ordering fast food five days a week is not good cause to reject Dr. Shea's absenteeism opinion. The Court agrees. The activities the ALJ points to do not equate to working a fulltime job. Consequently, the Claimant's ability to perform such activities does not undermine Dr. Shea's opinion, because the Claimant may be able to perform those limited activities but still be unable to work an eight-hour workday.[6] Therefore, the Court finds the ALJ has not stated good cause for assigning Dr. Shea's absenteeism opinion no weight.

---

[5] The Claimant more broadly argues that the ALJ "failed to articulate good cause for rejecting certain portions of [Dr. Shea's] opinion[s]." (Doc. 15 at 23). However, the only example the Claimant provided in support of that argument concerns Dr. Shea's absenteeism opinion. (*See id*. at 23-25). The Court will therefore limit its review to that argument. As for the weight the ALJ assigned to the other portions of Dr. Shea's opinions, the Claimant's failure to raises specific arguments challenging those determinations results in a waiver of those arguments. *See Gombash v. Comm'r of Soc. Sec.*, 566 F. App'x 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument).

[6] The Commissioner contends that the ALJ considered much more than the Claimant's ability to take her son to and from school and get fast food five days a week when weighing Dr. Shea's absenteeism opinion. (Doc. 15 at 27). Specifically, the Commissioner claims that the ALJ also relied on evidence that the Claimant cleaned dishes, folded laundry, made breakfast, watched television, and sometimes went shopping, as well as the absence of any notations in treatment

The Claimant next argues that the ALJ again (and despite the Court's prior order) "essentially relied" on Dr. Kwock's opinion to reject Dr. Shea's opinions and, in doing so, erred since Dr. Kwock's opinion cannot be good cause to reject Dr. Shea's treating source opinions. (Doc. 15 at 24-25). The Court disagrees. The opinion of a non-examining physician is generally entitled to little weight and, if it contradicts a treating physician's opinion, it cannot be good cause for assigning that treating physician's opinion little weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). In this case, the ALJ did not – as the Claimant seems to suggest – exclusively rely on Dr. Kwock's opinion to assign Dr. Shea's opinions little weight. Instead, Dr. Kwock's opinion was only one of the many reasons the ALJ articulated in support of the weight she assigned to Dr. Shea's various opinions concerning Claimant's functional limitations. (Doc. 11-20 at 11-15). Indeed, the ALJ did not mention Dr. Kwock's opinion when considering many of the specific limitations contained in Dr. Shea's opinions. (*Id.*). Consequently, this is not a situation where the ALJ relied solely on a non-examining physician's opinion to assign little weight to a treating physician's opinion. Therefore, the Court rejects the Claimant's second argument.

**B. Credibility**

The Claimant argues that since the ALJ erred in weighing Drs. Meyers' and Shea's opinions the ALJ's credibility determination is in turn not supported by substantial evidence. (Doc. 15 at

---

records indicating that the Claimant's performance of the foregoing activities were hampered by "episodes of increased symptomatology." (*Id.*). The ALJ, however, did not rely on the foregoing evidence. Instead, the ALJ's decision clearly reveals that she relied solely on the Claimant's ability to take her son to and from school and get fast food five days a week to assign Dr. Shea's absenteeism opinion no weight. (Doc. 11-20 at 11-12). As such, the Commissioner's argument amounts to improper *post hoc* rationalization, which the Court may not rely on in determining whether the ALJ's decision is supported by substantial evidence. *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).

26-27). In response, the Commissioner notes that the Claimant does not challenge any of the ALJ's stated reasons for finding the Claimant's testimony not entirely credible. (*Id*. at 27). Further, the Commissioner maintains that the ALJ did not commit any error with respect to Drs. Meyers' and Shea's opinions that requires reversal. (*Id*.). As a result, the Commissioner argues that the Claimant's credibility argument – which is predicated on the success of her first two assignments of error – must fail. (*Id*.).

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). In doing so, the ALJ considers a variety of evidence, including the claimant's history, the medical records and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id*. at §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Id*. at 1562.

The Claimant does not challenge any of the specific reasons articulated by the ALJ in support

of her credibility determination and, consequently, has waived any such challenges. *See Crawford*, 363 F.3d at 1161. The Claimant, nevertheless, contends that the ALJ's credibility determination is not supported by substantial evidence due to the ALJ's erroneous handling of Dr. Meyers' and Dr. Shea's opinions. (Doc. 15 at 26). The Commissioner's only defense to this argument is that the ALJ properly considered and weighed Drs. Meyers' and Shea's opinions. (*Id*. at 27). The Court, however, has found to the contrary. *See supra* pp. 6-13. As discussed above, the ALJ considers, among other things, medical source opinions, when evaluating the credibility of the Claimant's testimony concerning the intensity and persistence of his symptoms. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3). Hence, it follows that if the ALJ erred in weighing the medical source opinions that error will more than likely impact the ALJ's credibility determination. Therefore, given the ALJ's error in considering and weighing Drs. Meyers' and Shea's opinions, the Court finds the ALJ's credibility determination is likewise not supported by substantial evidence.

### C. Remedy.

The Claimant notes that it has been more than nine years since she applied for benefits and this matter has been remanded by the Court twice, and yet the Commissioner has again failed to issue a decision that complies with the legal standards and is supported by substantial evidence. (Doc. 15 at 30-31). For these reasons, the Claimant contends that she has suffered an injustice and requests that the case be reversed and remanded for an award of benefits. (*Id*.). Alternatively, the Claimant requests that the case be reversed and remanded for further proceedings, and the Commissioner be given 120 days to complete those proceedings. (*Id*. at 31).

The Commissioner contends that the Claimant has not suffered an injustice such that the case should be remanded for an award of benefits. (*Id*. at 31-32). Further, the Commissioner objects to the Claimant's alternative request to require the administrative proceedings to be

completed in 120 days, arguing that the United States Supreme Court and the Eleventh Circuit Court of Appeals have rejected such temporal limitations. (*Id*. at 32-33). As such, the Commissioner argues that if the case is reversed, it should be reversed and remanded for further proceedings.

The Court may remand a social security disability case for an award of benefits where the claimant has suffered an injustice. *See Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982).[7] While there is no clear definition of when an injustice occurs, courts in this District have, on rare occasions, remanded cases for an award of benefits for various reasons: "repeated remands, a failure to follow remand instructions, the Commissioner's inability to carry its burden of proof, the existence of extraordinary delay, or a combination of these factors." *Green v. Comm'r of Soc. Sec.*, Case No. 6:18-cv-1095-Orl-41GJK, 2019 WL 2210689, at *2 (M.D. Fla. Feb. 20, 2019) (citing *Goodrich v. Comm'r of Soc. Sec.*, Case No. 6:10-cv-1818-Orl-28DAB, 2012 WL 750291, at *13 (M.D. Fla. Feb. 7, 2012); *see also Moran v. Comm'r of Soc. Sec.*, Case No. 6:15-cv-1065-Orl-37TBS (M.D. Fla. Feb. 22, 2016) (Doc. No. 22)) *report and recommendation adopted by*, 2019 WL 1745372 (M.D. Fla. Apr. 18, 2019) (remanding for an award of benefits where the claimant suffered through 11 years of litigation, three administrative hearings, three appeals, and two remands – and each time the Commissioner failed to follow the remand instructions).

There is no dispute that this matter has been pending for a long time (through no fault of Claimant's) and the Claimant has endured two remands from this Court. While these facts certainly give the Court pause, the Court is not persuaded that these facts, in and of themselves, establish that an injustice has occurred. *See Talley v. Colvin*, Case No. 3:15-cv-423-J-34MCR, 2016 WL

---

[7] A case may also be remanded for an award of benefits where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). The Claimant has not raised that argument, so the Court will not consider it.

4267803, at *1, 5 (M.D. Fla. July 13, 2016) (remanding case but declining to award benefits even though the case was more than eleven years old and was remanded twice by the Appeals Council) *report and recommendation adopted*, 2016 WL 4247739 (M.D. Fla. Aug. 11, 2016); *Jusick v. Comm'r of Soc. Sec.*, Case No. 6:10-cv-126-Orl-GJK, 2011 WL 1059106, at *12 (M.D. Fla. Mar. 21, 2011) (remanding case but declining to award benefits even though the case had been pending for more than ten years and was remanded once by the Court and once by the Appeals Council). Furthermore, the Court notes that this is not a situation where the ALJ continues to make the same errors in contravention of the Appeals Council's or the Court's orders. *See Kelly v. Acting Comm'r of Soc. Sec. Admin.*, Case No. 6:16-cv-1149-Orl-40MCR, 2017 WL 9362907, at *3-4 (M.D. Fla. May 4, 2017) (finding an injustice and recommending a remand for benefits where the case was pending for almost nine years, had been remanded by the court twice, and the ALJ disregarded the Court's and Appeals Council's remand orders) *report and recommendation adopted by*, 2017 WL 2628099 (M.D. Fla. June 19, 2017). Instead, the issues raised in the present case are, in large part, different and narrower than the issues raised in the previous appeal. *Compare Wheelock*, Case No. 6:16-cv-860-RBD-KRS, Doc. 12 at 17-20, 24-27, 32-33 *with* (Doc. 15 at 15-18, 21-25, 28-31). Moreover, the ALJ cannot be said to have disregarded any aspect of the Court's prior order. For these reasons, while the Court concludes that this case is fast approaching the point where an injustice as occurred, the Court does not find that the Claimant has suffered an injustice at this point in time. The case will therefore be remanded for further proceedings consistent with this Order.

Finally, the Court turns to the Claimant's request that the Commissioner be required to complete the the administrative proceedings within 120 days. As noted by the Commissioner, the Eleventh Circuit, citing to the United States Supreme Court, has held that the Court may not impose such temporal limitations on the Commissioner. *Nowells v. Heckler*, 749 F.2d 1570, 1571 (11th

Cir. 1985) (citing *Heckler v. Day,* 467 U.S. 104 (1984)). In light of this binding authority, the Court will not remand this case with a temporal limitation. However, the Commissioner is urged to expedite the proceedings as justice delayed is justice denied.

**V. Conclusion**

Accordingly, it is **ORDERED** that:

1. The Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk is **DIRECTED** to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 18, 2019.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable K. Barlow
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA Oho Hearing Ofc.
Bldg. 400, Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224